IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FRANKLIN L. GRAMMER, JR.**,

        **Petitioner**,

        v.                        CASE NO. 12-3005-SAC

**DAVID McKUNE**,
**Warden, et al.**,

        **Respondents**.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). The filing fee has been paid. Having examined the materials filed, the court finds as follows.

Mr. Grammer was convicted upon his pleas of no contest in Johnson County District Court, Olathe, Kansas, of attempted first degree murder and second degree murder. He was sentenced on August 11, 2010, to terms totaling 294 months in prison.

Mr. Grammer states that he was not allowed to appeal by law, but provides information indicating that he filed some sort of action in the Kansas Supreme Court that was summarily dismissed on August 12, 2011. He alleges that other than this attempt, he has filed no other actions to challenge his convictions in any state court.

As grounds for his federal habeas petition, Mr. Grammer raises several claims including ineffective assistance of trial and appeal counsel, that there was no factual basis for his plea for attempted first degree murder, that trial counsel coerced him to accept an illegal plea agreement for a first degree murder that never occurred by telling him he would receive a downward departure sentence, and

that his access to the courts was obstructed by the court clerk. Petitioner acknowledges in his petition that all grounds he raises in this petition have not been presented to the highest state court. He states that this was due to ineffective assistance of appellate counsel, denial of due process, and obstruction of his access to the courts. Petitioner also alleges that he tried to file a motion for rehearing and filed a petition for writ of mandamus in the Kansas Supreme Court.

It is apparent from the face of the petition that Mr. Grammer has not exhausted his state court remedies. 28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –- (A) the applicant has exhausted the remedies available in the courts of the State. . . .

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process." Id. at 845. In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). Petitioner admits that he has not presented his claims to the highest state court.

It does not appear from petitioner's exhibits that he filed a direct appeal of his criminal conviction, which was improperly

2

dismissed by his counsel or impeded by the clerk of that court. Instead, it appears that the action he pursued in the Kansas Supreme Court was a challenge to the judge's denial of a downward departure, and that his challenge was summarily dismissed because the court lacked jurisdiction to hear a challenge to a sentence that was within the guidelines.

Generally, inmates that plead guilty or no contest, may be precluded by a provision in their plea agreement or by state law from filing a direct appeal.  However, there are post-conviction remedies available in the state of Kansas, such as a motion under K.S.A. 60-1507 or K.S.A. 60-1501.  Petitioner appears to have refused to file a motion to withdraw his plea.  The court cannot instruct Mr. Grammer as to precisely what type of state post-conviction motion he should file.  However, the court finds that petitioner has not alleged facts establishing that there are no adequate remedies in the state courts.  Petitioner must seek post-conviction relief in the state district court in which he was tried; if relief is denied by that court he must appeal to the Kansas Court of Appeals; and if that court denies relief he must file a Petition for Review in the Kansas Supreme Court.

Petitioner's apparent attempts to present his claims in state court by improper methods, such as by filing a mandamus petition, neither satisfy the exhaustion prerequisite nor show that the remedies available are inadequate.  In order to exhaust, a state prisoner must present his claims in state court in a timely fashion and by the proper procedure.

The court concludes that this action must be dismissed, without prejudice, on account of petitioner's failure to have properly

3

raised all the claims presented herein to the courts of the state.

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, due to petitioner's failure to exhaust state court remedies.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
